of the court on the question whether plaintiff drainage district was estopped from demanding that money be paid back to the district after it has been once paid for the benefit of the district will not be disturbed.

2. DRAINAGE, § 54*—*when commissioners have no power to use funds*. Drainage commissioners have no power to use funds appropriated, levied and collected for a certain purpose for another and different purpose.

3. DRAINAGE, § 55*—*what indebtedness may not be incurred or paid by district*. A drainage district cannot lawfully incur or pay indebtedness created prior to the levying of an assessment appropriating money for such purpose.

---

### Charles Frankel, Appellant, v. Mary C. Ashmore, Appellee.

### Gen. No. 6,441. (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. THEO-DORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed August 7, 1917. Rehearing denied October 10, 1917.

### Statement of the Case.

Action by Charles Frankel, plaintiff, against Mary C. Ashmore, defendant, to recover on a promissory note for $900. From a judgment for defendant, plaintiff appeals.

Defendant gave a note payable to the Great Western Casualty Company in payment on account of the purchase of certain stock of the company when it should be organized, it being then in the process of organization, and it being agreed that the note should not be sold but deposited with the insurance department of the State as a part of the fund required to authorize

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the incorporation of an insurance company. The corporation was never organized. The note came into the hands of the plaintiff before its maturity by mesne indorsements from the nominal payee, and when offered in evidence bore the initial indorsement of the Great Western Casualty Company by C. W. Horn, chairman commissioners.

SHELTON McGRATH, for appellant; A. JACOBSON, of counsel.

McROBERTS, MORGAN & ZIMMERMAN, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

CORPORATIONS, § 25*—*when innocent purchaser for value before maturity of note of payee corporation acquires no title.* No legal title to a promissory note is acquired by a purchaser thereof although acquired by him prior to its maturity and in good faith for value, where the payee thereof upon whose indorsement such purchaser relies is an unorganized corporation, since, until the corporation is fully organized, there is no officer authorized to assign and transfer the title to a note payable to the corporation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.